IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-504-BO

WILLIAM F. HARDWICK III and )
ANGELA D. HARDWICK, )
 )
       Plaintiffs, )
 )
v. )     O R D E R
 )
MORGAN R. LEWIS, JASON K. )
PURSER, LOGS LEGAL GROUP LLP, )
GENERAL COURT OF JUSTICE OF )
NORTH CAROLINA, MOORE & )
ALPHIN, PLLC, RESMAE MORTGAGE )
CORPORATION, WELLS FARGO, and )
NICOLE BIRKLEY, )
 )
       Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 34]. Plaintiffs have objected and the matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation is adopted.

## BACKGROUND

Plaintiffs, who proceed in this action *pro se*, filed a complaint against defendants alleging civil rights violations and other claims. Plaintiffs then filed motions seeking a temporary restraining order, a preliminary injunction, relief from a state court judgment, and to amend a state court order, all arising from the foreclosure of their residence. Defendants Moore & Alphin, Wells Fargo, and LOGS Legal Group, Morgan Lewis, and Jason Purser moved to dismiss the complaint.

Magistrate Judge Jones filed an order and memorandum and recommendation (M&R) pursuant to 28 U.S.C. § 636. Magistrate Judge Jones denied Moore & Alphin's motion for

extension of time as moot and recommended that plaintiffs' motions be denied, defendants' motions to dismiss be allowed, and that the claims against the non-appearing defendants also be dismissed. Magistrate Judge Jones has recommended that the complaint be dismissed in its entirety without prejudice for failure to state a claim. After receiving an extension of time within which to do so, plaintiffs filed a timely objection, captioned as a motion to reconsider, to the M&R.[1]

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the report. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiffs' objection is styled as a motion to reconsider, in which plaintiffs state that there "appears to be a Plethora of Fraudulent activity connected to this case" that implicate due process concerns in the State of North Carolina. [DE 37]. Plaintiffs ask that they be allowed to use their time in court to exhibit "all suspicion of activities" that have occurred. *Id.*

---

[1] Defendant Moore & Alphin filed a response to plaintiffs' motion to reconsider and in support of adoption of the M&R. [DE 38].

2

The Court construes plaintiffs' objection to take issue with the magistrate judge's dismissal of their due process and fraud claims. To succeed on a procedural due process claim, a plaintiff must show "(1) a cognizable 'liberty' or 'property' interest; (2) the deprivation of that interest by 'some form of state action'; and (3) that the procedures employed were constitutionally inadequate." *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 146 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir.1988)). To succeed on a substantive due process claim, a plaintiff must demonstrate "(1) that he had property or a property interest; (2) that the state deprived him of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Quinn v. Bd. of Cnty. Commissioners for Queen Anne's Cnty., Maryland*, 862 F.3d 433, 443 (4th Cir. 2017) (quoting *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 827 (4th Cir. 1995)) (alterations omitted). "To prove fraud under North Carolina law, the plaintiff must establish that the defendant (1) made a false representation of material fact, (2) knew it was false (or made it with reckless disregard of its truth or falsity), and (3) intended that the plaintiff rely upon it. In addition, (4) the plaintiff must be injured by reasonably relying on the false representation." *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 512 (4th Cir. 1999).

As found by the magistrate judge, plaintiffs' complaint contains no factual allegations from which the Court could determine that plaintiffs' have stated a plausible due process or fraud claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' complaint consists of two dates on which alleged violations occurred and lists of conclusions such as "deed fraud" and "use of sovereign immunity." Plaintiffs' objection to the M&R provides no further factual detail from

3

which the Court could liberally construe an argument in support of a claim for relief. The objection to the M&R is overruled.

The Court has reviewed the remaining portions of the M&R finds no clear error. The M&R is therefore ADOPTED in its entirety.

## CONCLUSION

Accordingly, for the foregoing reasons, the memorandum and recommendation [DE 34] is ADOPTED in its entirety. Plaintiffs' motion to alter judgment, for temporary restraining order, and for preliminary injunction [DE 5] is DENIED; plaintiffs' motion to amend/correct [DE 6] is DENIED; plaintiffs' motion for relief from judgment [DE 30] is DENIED; and plaintiffs' motion for extension of time [DE 33] is DENIED. The motions to dismiss at [DE 23, 26, & 31] are GRANTED. Plaintiffs' motion to reconsider [DE 37] is DENIED. The complaint is DISMISSED without prejudice. The clerk is DIRECTED to close the case.

SO ORDERED, this ___4___ day of September, 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE